EDWARD KNOTHE AND FANNY KNOTHE, PLAINTIFFS, v. HARRIS BROTHERS COMPANY, ALSO DOING BUSINESS AS HARRIS TRADING COMPANY, AND NEW YORK CENTRAL RAILROAD COMPANY AND DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANTS.

Submitted December 8, 1922—Decided February 28, 1923.

**Contracts—Goods Bought not According to Agreement— Counter-Claim of Railroad Co.**

On rules to show cause why verdicts should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE, and TRENCHARD.

For the rule of Harris Brothers Company, *Mackay & Mackay*.

For the rule of New York Central Railroad Company, *Wall, Haight, Carey & Hartpence*.

*Contra, James H. Bolitho*.

PER CURIAM.

The plaintiff Fanny Knothe sent an order to defendant Harris Brothers Company at Camp Merritt for eight thousand five hundred square feet of plaster board of which she had received a sample; four thousand five hundred square feet was for the plaintiff Fanny Knothe and four thousand square feet was for one Max Rosen, not a party plaintiff. The order was to be filled, and the price agreed upon was f. o. b. Camp Merritt. The plaintiff claims that when the goods were received at Dover they were defective. The plaintiff meanwhile having paid for them, and the goods having been sent back by her brother, she sued for the moneys which she had paid out and for damages sustained. In her complaint she

added a count against the New York Central Railroad Company alleging that the goods had been damaged through the negligence of the railroad company. The railroad company made a general denial of the plaintiff's claim, and counterclaimed for their charges in sending the goods back to Camp Merritt.

The court directed a nonsuit as to the plaintiffs against the railroad company. The jury rendered a general verdict in favor of the plaintiff Fanny Knothe against defendant Harris Brothers Company for $315.88, and also rendered a verdict of no cause of action in favor of plaintiff Fanny Knothe and against the railroad company on the counter-claim of the railroad company.

The railroad company has a rule to show cause why the verdict against it on its counter-claim should not be set aside.

Harris Brothers Company have a rule to show cause why the verdict against them for $315.88 should not be set aside.

We think the verdict against Harris Brothers Company must be set aside because it is contrary to the charge of the court. Under the charge she could not recover more than $135 and interest. That the court said expressly. The rule obtained by Harris Brothers Company will be made absolute.

We think also that the verdict against the railroad company on its counter-claim must be set aside. There the question turns upon whether the shipment of the goods back over the railroad was made by the plaintiff Fanny Knothe. The evidence is that she sent her brother to the station to get the goods and he, seeing, as it is claimed, that the goods were not according to sample and were defective, ordered them shipped back; and there seems to be no question at all but that the plaintiff acquiesced in what her brother did. Her admissions, her letters and her testimony at the trial, we think, demonstrate conclusively that her brother was acting for her with her acquiescence at the time, and, moreover, that she ratified his act. It is therefore clear that the verdict against the railroad company on the counter-claim was against the weight of the evidence, and the rule of the railroad company will be made absolute.